09-4970-ag
Yang v. US DOJ

BIA
Weisel, IJ
A093 389 814

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> JON O. NEWMAN,
> DENNY CHIN,
>> *Circuit Judges.*

_____

DING DI YANG,

         *Petitioner,*

        v.                                             09-4970-ag

                                                 NAC

U.S. DEPARTMENT OF JUSTICE, ATTORNEY GENERAL, & IMMIGRATION AND NATURALIZATION SERVICE

        *Respondents.*

_____

FOR PETITIONER:      Cora J. Chang, New York, New York.

FOR RESPONDENTS:     Tony West, Assistant Attorney General; Jennifer Levings, Senior Litigation Counsel; Carmel A.

**Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ding Di Yang, a native and citizen of the People's Republic of China, seeks review of a November 9, 2009, order of the BIA affirming the March 11, 2008, decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Di Yang*, No. A093 389 814 (B.I.A. Nov. 9, 2009), *aff'g* No. A093 389 814 (Immig. Ct. N.Y. City Mar. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

The refugee definition set forth at 8 U.S.C. § 1101(a)(42) does not provide automatic refugee status to the spouse of someone who was forced to undergo an abortion or sterilization. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309-12 (2d Cir. 2007). Rather, for a spouse to be eligible for relief, he must demonstrate: (1) "resistance" to a coercive family planning policy, which can cover "a wide range of circumstances, including expressions of general opposition, attempts to interfere with enforcement of government policy in particular cases, and other overt forms of resistance to the requirements of the family planning law"; and (2) that the applicant has either "suffered harm amounting to persecution on account of that resistance" or has a well-founded fear of such harm. *Id.* at 313 (quoting *Matter of S-L-L*, 24 I. & N. Dec. 1, 10 (BIA 2006)).

Contrary to Yang's assertion, the agency reasonably determined that his anger over his wife's forced abortion and the animosity he felt towards family planning officials constituted neither persecution to Yang personally nor "other resistance" to China's population control policy. *See id.*, 494 F.3d at 309-12 (recognizing that "an individual

3

whose spouse undergoes, or is threatened with, a forced abortion or involuntary sterilization may suffer a profound emotional loss as a partner and a potential parent," but nonetheless holding that such individual is not *per se* eligible for asylum).  Moreover, even assuming that Yang's attempts to add the child he found abandoned to his household registry constituted "other resistance" to China's family planning policy, the agency reasonably determined that, because Yang was in no way harmed or mistreated for trying to register the child, he failed to demonstrate that he suffered any persecution as a result.  *See Pavlova v. INS*, 441 F.3d 82, 85 (2d Cir. 2006); *Ivanishvili v. U.S. Dep't*, 433 F.3d 332, 341-42 (2d Cir. 2006).

Moreover, the record does not support Yang's contention that he has a well-founded fear of sterilization in China because, as the agency found, he remained in China without incident for three years following his wife's forced abortion.  Thus, the agency reasonably determined that Yang's fear of forced sterilization was not objectively reasonable.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

Because Yang failed to challenge sufficiently the agency's denial of his applications for withholding of removal and CAT relief before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk